McKinney, J.,
delivered the opinion of the Court.
At the November Term, 1854, of the Circuit Court of Marion, upon cause shown by the affidavit of James S. Ilavron, the plaintiff’s security for the prosecution of this suit, a rule was made upon the plaintiff, “that he give new security for the prosecution of this suit, on or before to-morrow morning, or said suit will be dismissed.” This rule was not complied with, and the suit was dismissed accordingly, on the next day. From this judgment of dismission the plaintiff appealed in error to this Court.
The error assigned is, that the rule was granted and made absolute, without any evidence of the fact that the notice required by the statute had been given to the plaintiff.
The act of 1822, ch. 42, sec. 1, under which this proceeding was instituted, requires that the person bound as security for the prosecution of the suit shall first give to the plaintiff, if in the State, and if not, to his attorney, ten days’ previous notice of his intention to apply for a rule upon the party, “to give counter security, to indemnify him against all damage or injury which may arise from his being security.” And if the party thus notified, and upon whom said rule has been allowed, shall fail or refuse, within the time prescribed by the Court, to give good and sufficient counter security, it shall be the duty of the Court to dismiss said suit, and enter up judgment against the principal and security for all costs which have been incurred'.
Ilavron, the security, in his affidavit, offered as the ground for obtaining a rule on the plaintiff states that *41 lie had given more than ten days notice to the plaintiff, that he would not longer stand as his security.
This mere ex parte statement of the security was regarded by the Court as sufficient evidence, under the statute, of the fact of notice having been given.
In this we think the Court erred. The remedy given to the surety by the statute is a very summary one, and is liable to abuse by unscrupulous persons. It is proper and necessary, therefore, that the person seeking' avail himself of it, should be required to show that has complied with its requirements, on his part, accord-í ing to the' true intent and meaning of the law. the case before us, the surety has wholly failed to do so. First, the notice contemplated by the statute, is a notice in writing; secondly, the fact of service of the notice must be established by legal proof — either the return of the sheriff, or the testimony of a competent witness; and, thirdly, the rule upon the party must be to give “ counter security,” according to the express terms of the act.
The judgment of the Circuit Court will be reversed, and the case will be remanded and reinstated on the docket of the Circuit Court of Marion. This, however, will not preclude the surety from instituting a regular proceeding, at any time hereafter, to obtain counter security as provided for in the statute.
Judgment reversed.